O'Reilly-Morshead v O'Reilly-Morshead (2018 NY Slip Op 05419)





O'Reilly-Morshead v O'Reilly-Morshead


2018 NY Slip Op 05419


Decided on July 25, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND WINSLOW, JJ.


788 CA 18-00071

[*1]DEBORAH O'REILLY-MORSHEAD, PLAINTIFF-RESPONDENT,
v
CHRISTINE O'REILLY-MORSHEAD, DEFENDANT-APPELLANT. 






EMPIRE JUSTICE CENTER, ROCHESTER (AMY E. SCHWARTZ-WALLACE OF COUNSEL), AND THE LEGAL AID SOCIETY OF ROCHESTER, FOR DEFENDANT-APPELLANT.
BADAIN & CROWDER, ROCHESTER (LARA ROBIN BADAIN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Richard A. Dollinger, A.J.), entered April 3, 2017. The order, insofar as appealed from, denied that part of defendant's motion seeking a determination that property acquired between June 9, 2003 and June 9, 2006 is subject to equitable distribution, and granted plaintiff partial summary judgment determining that such property is not subject to equitable distribution. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the second ordering paragraph is vacated, and that part of the motion seeking a determination that property acquired between June 9, 2003 and June 9, 2006 is subject to equitable distribution is granted.
Memorandum: Plaintiff and defendant are residents of New York who, on June 9, 2003, traveled to Vermont and entered into a civil union under the laws of that state. On June 9, 2006, the parties were married in Canada. In 2014, plaintiff commenced this action seeking dissolution of the marriage and defendant counterclaimed for, inter alia, dissolution of the civil union and the equitable distribution of property acquired during the civil union. Defendant thereafter moved for, inter alia, summary judgment on that counterclaim and requested that Supreme Court distribute the property acquired during the period of the civil union pursuant to the Domestic Relations Law or, in the alternative, pursuant to the court's equity jurisdiction. Plaintiff opposed the motion and sought an order determining that property acquired during the civil union but before the marriage is separate property and is therefore not subject to equitable distribution. The court granted defendant's motion in part, dissolved the civil union, and "search[ed] the record" to grant partial summary judgment to plaintiff, determining that property acquired during the civil union is not subject to equitable distribution on the ground that the court lacked authority to distribute such property. The court ordered that the remaining issues with respect to the dissolution of the marriage and the equitable distribution of property would be determined after trial. Defendant appeals from those parts of the order that denied her motion and granted plaintiff summary judgment with respect to the equitable distribution of property acquired during the civil union. We reverse the order insofar as appealed from, vacate the second ordering paragraph granting partial summary judgment to plaintiff, and grant that part of the motion seeking a determination that property acquired during the civil union and prior to the marriage, i.e., between June 9, 2003 and June 9, 2006, is subject to equitable distribution.
Contrary to defendant's contention, the court properly declined to treat the civil union as equivalent to a marriage for the purposes of the equitable distribution of property under the Domestic Relations Law. When the New York State Legislature enacted the Marriage Equality Act, it granted same-sex couples the right to marry, but it did not grant those couples who had entered into civil unions the same rights as those who marry. Rather, the Domestic Relations Law provides that "[a] marriage that is otherwise valid shall be valid regardless of whether the [*2]parties to the marriage are of the same or different sex" (§ 10-a [1] [emphasis added]). While the word "marriage" is not defined in the Domestic Relations Law, the disposition of property in a matrimonial action is dependent on whether that property is "[m]arital property" (§ 236 [B] [5] [c]). The Domestic Relations Law defines " marital property' " as property acquired "during the marriage" (§ 236 [B] [1] [c]) and, as relevant here, "separate property" is defined as "property acquired before marriage" (§ 236 [B] [1] [d] [1]). Here, there is no dispute that the parties were married on June 9, 2006, and thus that the property at issue was acquired prior to the parties' marriage. We cannot ignore the statutory definitions in order to determine that the definition of "marital property" in the Domestic Relations Law includes property acquired during a civil union. Thus, we conclude that the court properly determined that a civil union is not equivalent to a marriage for the purposes of the equitable distribution of property, and thus properly denied defendant's request for equitable distribution pursuant to Domestic Relations Law § 236 (B) (5) (c) of the property acquired during the civil union but prior to the marriage.
We conclude, however, that the court erred in denying defendant's request to apply principles of comity to the civil union and thereby recognize that both parties have rights with respect to property acquired during the civil union. In Debra H. v Janice R. (14 NY3d 576 [2010], rearg denied 15 NY3d 767 [2010], cert denied 562 US 1136 [2011]), the Court of Appeals "invoked the common law doctrine of comity to rule that, because [a] couple had entered into a civil union in Vermont prior to [a] child's birth—and because the union afforded Debra H. parental status under Vermont law—her parental status should be recognized under New York Law as well" (Matter of Brooke S.B. v Elizabeth A.C.C., 28 NY3d 1, 22 [2016]). Thus, the Court noted that a civil union under Vermont law created parental rights, and the Court determined that, under the principles of comity, those rights should be recognized under New York law (see Debra H., 14 NY3d at 599-600). While the Court left open the question whether New York should extend comity to the civil union for purposes other than parentage (id. at 601), we conclude that comity does require the recognition of property rights arising from a civil union in Vermont. One of the consequences of the parties' civil union in Vermont was that they would receive "all the same benefits, protections, and responsibilities under law . . . as are granted to spouses in a civil marriage" (Vt Stat Ann, tit 15, § 1204 [a]), including rights with respect to "divorce . . . and property division" (§ 1204 [d]; see DeLeonardis v Page, 188 Vt 94, 101, 998 A2d 1072, 1076 [2010]). That rule is consistent with the public policy of New York, inasmuch as the laws of Vermont and New York both "predicate[] [property rights] on the objective evidence of a formal legal relationship," i.e., legal union between the parties (Debra H., 14 NY3d at 606). In other words, under the laws of both Vermont and New York, property acquired during a legal union of two people—in Vermont a civil union or marriage, and in New York, a marriage—is subject to equitable distribution under the governing statutes of the state. The relevant New York and Vermont statutes both provide similar factors for the court to consider when determining the equitable distribution of the property (compare Domestic Relations Law § 236 [B] [5] [c], [d], with Vt Stat Ann, tit 15, § 751 [b]). Thus, we conclude that, under the principles of comity, the property acquired during the civil union and prior to the marriage is subject to equitable distribution, and such property will therefore be equitably distributed after trial, along with the property acquired during the marriage. 
Entered: July 25, 2018
Mark W. Bennett
Clerk of the Court